HON. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
HON. DANIEL KELLOGG, }

---

### PETER CROSS *v.* SAMUEL B. MOORE.

*Account stated no bar to recovery upon original account. Payment in specific articles.*

The stating an account for work and labor does not render it necessary to declare specially upon the account stated; but a recovery may still be had upon the original account.

And the fact, that the account was payable in specific articles, will make no difference, after the time of payment has elapsed.

INDEBITATUS ASSUMPSIT for work and labor, and for money had and received. Plea, the general issue, and trial by the court, January Term, 1851,—COLLAMER, J., presiding.

Cross v. Moore.

In 1843 the plaintiff performed labor for the defendant, for which the defendant was to pay him in boots and shoes, on reasonable demand. At the close of the service the parties made a settlement, and there was found due to the plaintiff, for the service, $5,50, and the defendant thereupon signed and delivered to the plaintiff a writing in these words :—" Haverhill, Aug. 2, 1843. This day settled " with Peter Cross, and found due him five dollars and fifty cents, " which I am to pay him in boots or shoes, with reasonable notice, " at my house, which is to be good custom work." In June, 1849, the defendant was asked for the pay mentioned in the writing, by the plaintiff's agent, and refused to make any payment thereon. The defendant insisted, that these facts did not entitle the plaintiff to recover on his declaration. But the court rendered judgment for the plaintiff, for $5,50 and interest from June, 1849. Exceptions by defendant.

*S. Austin,* for defendant, insisted, that the plaintiff could not recover, upon his declaration, for the reason that the original cause of action was discharged by the execution and acceptance of the written agreement ; and that no such demand had been made, as was required by the terms of the agreement.

*R. McK. Ormsby,* for plaintiff, claimed, that by the refusal to deliver the boots and shoes, under the state of facts in the case, the sum of money specified became due absolutely,—and cited *Baylies* v. *Fettyplace,* 7 Mass. 329, *Way* v. *Wakefield,* 7 Vt. 223, 8 Vt. 218, and *Wainwright* v. *Cunningham,* 15 Vt. 215.

The opinion of the court was delivered by

REDFIELD, J. The only question in this case is, whether, by stating an account for work and labor, it becomes necessary to declare specially upon the account stated, in order to recover. It has never been considered, that an account stated is any bar to a recovery upon the original account, whether for money, or labor, or other thing. So, too, if a promissory note be given, it is no bar, unless specially so agreed. But a mere statement of the account is never considered as having that effect ;—and if it did have, the acknowledgment of indebtedness would be good evidence under the money

counts, as has often been held in regard to promissory notes, and this evidence could not be rebutted by showing that the consideration was in fact different. And the fact, that the account was payable in specific articles, will make no difference, after the time of payment has elapsed.                          Judgment affirmed.